UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE R. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-1847 NCC |
| | ) | |
| PEARL GAINS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Dominique R. Taylor for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Civil Complaint

Plaintiff brings this civil action against his defendant grandmother for allegedly taking him to the hospital against his will and forcing him to incur thousands in medical bills. Plaintiff's allegations are as follows:

> I was knocked unconscious and my Grandmother drove me to the hospital against my will causing me to pay a [$]60,000 or 75,000 hospital bill by forced to swipe my card. This happened on 1/22/2016 and 2/4/2016. The injuries I suffered were a hospital bill I had to pay off for three years. This happen[ed] at my old home (3618 Hydraulic Ave St. Louis Mo 63115)[.] My Grandmother illegally took me to the hospital instead of calling the police and having them take me[.] She did not live with me and I didn't ask her to [-] I told her not to. This happened [at] St. Mary's Hospital at St. Louis where she knocked unconscious and forced me to pay a hospital bill with my card. I was 21 at the time.

ECF No. 1 at 5.

Plaintiff filed a copy of his medical records and bill from his hospital visit. ECF No. 5. The medical records indicate that plaintiff arrived at the hospital emergency room on 1/22/2106 and was eventually admitted to the hospital for monitoring. For relief, plaintiff seeks to recover the money he has had to pay to the hospital. Plaintiff states that this amount is over $60,000 but the bill he filed indicates a total of $26,330.40 for a hospital stay from 1/22/2016 through 2/4/2016. ECF Nos. 1 at 6, 5 at 2-5.

**Discussion**

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists. It does not appear that diversity jurisdiction exists because plaintiff states that he and defendant are both citizens of the same state and that the amount in controversy does not exceed $75,000. *See* ECF No. 1 at 3-4, 6. As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 2nd day of October, 2019.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE