UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DOMINIQUE R. TAYLOR,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　 ) Case No. 4:19-CV-1847 NCC
　　　　　　　　　　　　　　　　　　)
PEARL GAINS,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　 )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On October 2, 2019, the Court ordered plaintiff to show cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. The Court warned plaintiff that a failure to timely comply with the Order could result in dismissal of this action without further notice. On October 15, 2019, plaintiff filed a document with the Court making new, serious allegations against the named defendant and others. Nothing else has been filed in response to the Show Cause Order, and the time for doing so has expired. Having carefully reviewed the file and construing plaintiff's supplemental filing as a Show Cause response, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

### Background

Plaintiff brings this civil action against his defendant grandmother for "illegally" taking him to the hospital against his will and forcing him to incur thousands in medical bills for the hospital services he subsequently received there. ECF No. 1 at 5. Plaintiff asserts that instead of taking him to the hospital, his grandmother should have called the police and had them take him. It is unclear how the police's involvement would have prevented plaintiff from incurring hospital bills.

Plaintiff seeks recovery of the hospital bill amount from his grandmother. In his complaint, he states that the amount is "[$]60,000 or 75,000." *Id.* However, plaintiff filed a copy of his hospital bill indicating a total of $26, 330.40 for a hospital stay from January 22, 2016 through February 4, 2016 – the same time period for his hospital stay that was alleged in his complaint. ECF No. 5 at 2-5.

According to the complaint, plaintiff and his grandmother defendant are both citizens of the state of Missouri. Because federal courts are courts of limited jurisdiction and it did not appear from the allegations of the complaint that this Court has jurisdiction to hear this matter, the Court issued an Order directing plaintiff to show cause to why this Court has subject matter jurisdiction. ECF No. 6.

On October 15, 2019, plaintiff filed a document with the Court which the Court construes as a response to the Court's Order. ECF No. 7. The document restates plaintiff's allegations against his grandmother regarding her taking him to the hospital instead of calling the police. The document then makes similar allegations against plaintiff's mother, who is not a named defendant in this suit. Plaintiff then makes new and disturbing allegations of being raped, tortured, kidnapped, and forced into a religion. *Id.* at 1. It is unclear who these new allegations are against or when they occurred. They are completely unrelated to the allegations of the initial complaint.

Plaintiff never directly makes any argument regarding jurisdiction over this matter. The only statement made in this responsive filing related to jurisdiction is that plaintiff states that his hospital bill cost him "75000 dollars or so." *Id.* He provides no documentation to support this assertion or to rebut his previously filed hospital bill.

## Discussion

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, the Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.

Nothing in plaintiff's complaint or responsive filing indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because plaintiff states that he and defendant are both citizens of the same state. *See* ECF No. 1 at 3-4. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of October, 2019.

／s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE